# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 2, 2010

139307(82)(83)

JEWISH ACADEMY OF METROPOLITAN
DETROIT,
        Plaintiff-Appellee,

v

MICHIGAN HIGH SCHOOL ATHLETIC
ASSOCIATION,
        Defendant-Appellant,

and

SOUTHFIELD CHRISTIAN, INKSTER PUBLIC
SCHOOLS, FRANKLIN ROAD CHRISTIAN, and
OAKLAND CHRISTIAN,
        Defendants.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139307
COA: 283885
Oakland CC: 2004-058811-CZ

On order of the Court, the motion for reconsideration of this Court's January 8, 2010 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously. The motion for stay is DENIED.

CAVANAGH, J., would grant reconsideration and, on reconsideration, would remand this case to the Court of Appeals for consideration of the issues briefed by the defendant that the Court of Appeals did not consider because those issues were not included in the defendant's statement of questions involved.

MARKMAN, J. (*dissenting*).

In *Communities for Equity v Michigan High School Athletic Association*, 178 F Supp 2d 805 (2001), aff'd 459 F 3rd 676 (CA 6, 2006), the United States District Court for the Western District of Michigan held that defendant, Michigan High School Athletic Association's, scheduling of high school athletic seasons violated the United States Constitution, as well as both federal and state civil rights law, and directed the MHSAA to reconfigure this scheduling. In the instant case, the trial court, concluding that the MHSAA has again violated the United States constitution and state law, as well as the Michigan constitution, now enjoins the MHSAA from maintaining an array of rules that

define the conditions under which member schools may participate in interscholastic sports competition, and again requires that defendant's policies be revamped. Thus, in yet one more realm of activity, the decisions of judges have preempted the decisions of those who have been authorized by either contract or the representative processes of government to undertake such decisions.

Perhaps, in the end, such preemption may be required by the law or the constitution, but, if so, it will be no thanks to this Court, or the Court of Appeals, that this will be known. For defendant here has been deprived even of the opportunity to attempt to justify its policies on the grounds that these are in the best interests of hundreds of high schools throughout this state, and in the best interests of hundreds of thousands of high school athletes, as well as their families and friends. Specifically, defendant has been denied the opportunity to seek to justify its policies on the grounds that these policies are in the practical interests of administering statewide tournaments, that these policies minimize the loss of classroom time for student athletes, that these policies effectively manage available athletic facilities, that these policies minimize security concerns, that these policies maximize community involvement, that these policies optimize athletic revenues, that these policies promote consistent and predictable conditions under which schools from widely varying geographic and other circumstances can engage in athletic competition, and that these policies promote competitive equity. Neither the Court of Appeals, nor this Court, will even deign to hear such arguments, and as a result the scope of decision-making of judges will be enhanced and the scope of decision-making of other public and private institutions will be diminished.

Instead, the majority enables the Court of Appeals to affirm the trial court's assertion of authority purely on the grounds that defendant's brief on appeal failed to contain a summary statement setting forth all of the questions involved in the appeal, MCR 7.212(C)(5), and therefore that the omitted issues were waived. To clearly understand, the Court of Appeals does not argue that any issues were not raised and argued in defendant's brief, or that any such issues were not argued thoroughly, or that plaintiff did not equally thoroughly respond to these issues in its own brief, or that any harm inured to plaintiffs as a result of the absent summary. Instead, the Court of Appeals argues only that defendant failed to set forth a separate summary. Apparently concluding that such a summary-less brief did not "substantially comply" with the court rules, MCR 7.212(I), and that a "supplemental brief" would also not "correct[] the deficiencies," the Court of Appeals effectively dismissed this appeal.

While acknowledgedly a matter within the Court of Appeals' discretion, MCR 7.216(A)(10), I believe that this particular exercise constituted an abuse of discretion. In virtually every previous decision in which an appeal has been effectively dismissed under this rule, there were additional reasons why issues raised in an appellate brief were not considered, such as a failure to support a claim with proper legal authority, that a claim

was not presented to or ruled upon by the trial court, or that a claim implicated matters of jurisdiction.  Indeed, I am unaware of any previous decision that suggests that an appellate court may refuse to consider fully-briefed issues — issues constituting the principal issues in an appeal — for the sole reason that such issues were inadvertently not included in the appellant's summary statement of questions involved.  Moreover, I am unaware of any opinion that suggests that a brief of the instant sort does not "substantially comply" with MCR 7.212.  For these reasons, I would grant the motion for reconsideration, and reverse and remand to the Court of Appeals for that court to fully consider the substantive arguments raised by both parties.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 2, 2010

d0330

Clerk